FILED

2012 DEC 19 P 3:20

John N. Jennison
Kathryn Jennison Shultz
Carl E. Jennison
JENNISON & SHULTZ, P.C.
2001 Jefferson Davis Hwy., Suite 1102
Arlington, VA 22202-3604
(703) 415-1640
(703) 415-0788 (fax)
*John@JennisonLaw.com*
*KJS@JennisonLaw.com*
*Carl@JennisonLaw.com*

William C. Steffin
Armin Azod
STEFFIN LELKES AZOD LLP
505 North Figueroa Street, Suite 601
Los Angeles, CA 90012
(213) 507-9796
*william.steffin@usaiplaw.com*
*armin.azod@usaiplaw.com*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MILO SHAMMAS<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>DAVID KAPPOS, Director of the United States Patent and Trademark Office<br><br>　　　　　　　Defendant. | Case No. 1:12cv1462<br>　　　　　　TSE/TCB<br><br>COMPLAINT |

Plaintiff Milo Shammas ("Plaintiff"), by his undersigned attorneys, Steffin Lelkes Azod, LLP, for his Complaint against defendant David Kappos, the Director of the U.S. Patent and Trademark Office ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Milo Shammas, is an individual residing in the state of California, with offices at 896 Granada Lane, Vacaville, California, 95688.

2. Defendant David Kappos is the Director of the U.S. Patent and Trademark Office with an address at P.O. Box 1450, Alexandria, Virginia 22313-1450.

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 21(b) of the U.S. Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. Sec. 1071(b), which provides that a party dissatisfied with a final decision of the Trademark Trial and Appeal Board ("TTAB") may institute a new civil action in a Federal District Court challenging such decision. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(e) (1) (A).

## FACTUAL BACKGROUND

5. On June 12, 2009, Plaintiff, pursuant to Section 1(b) of the Lanham Act, 15 U.S.C. Sec. 1051(b), filed a federal trademark application based on use, for the mark PROBIOTIC ("Mark") in standard characters for Ammonium chloride

fertilizer; Ammonium nitrate fertilizer; Ammonium sulphate fertilizer; Blood powder; Bone meal; Brewers' grain; Calcined potassium fertilizer; Calcium silicate fertilizer; Calcium superphosphate fertilizer; Chemical fertilizers; Chemically converted compound fertilizers; Compost; Double or triple superphosphate fertilizer; Fertilizers; Fertilizers and manures; Fertilizers for agricultural use; Fertilizers for domestic use; Fertilizing preparations; Leaf mold; Manganese fertilizer; Marine fertilizer; Mixed fertilizers; Natural fertilizers; Non-chemical bio-fertilizers; Omplex fertilizers; Peat; Potassium chloride fertilizer; Potassium sulphate fertilizer; Rice bran; Sodium nitrate fertilizer; Thomas phosphatic fertilizer; Urea fertilizer ( the "Goods") in Class 1 on the Principal Register. The application was assigned Serial No. 77/758863 (the "Application").

6. An Office Action issued on September 14, 2009, refusing registration on the basis of being merely descriptive for the identified goods pursuant to Section 2(e)(1) of the Lanham Act, 15 U.S.C. Sec. §1052(e)(1). In addition to being merely descriptive, the Office Action refused registration for the applied-for mark on the basis of being generic in connection with the identified goods and, therefore, incapable of functioning as a source-identifier for applicant's goods pursuant to Section 2(e)(1).

7. On August 30, 2010, Plaintiff filed a response arguing that PROBIOTIC had acquired distinctiveness over the last 10 years.

8.     A Final Office Action, dated February 24, 2011, maintained and made final the merely descriptive and generic refusal to register.

9.     On June 6, 2011, Plaintiff amended its dates of use to specify July 12, 2000 for both dates of use and submitted a Section 2(f) claim, both supported by a signed verification.

10.    On June 12, 2011, Plaintiff filed a Notice of Appeal with the TTAB

11.    On October 18, 2011, Plaintiff also filed an appeal brief with the TTAB, pursuant to Section 21(b) of the Lanham Act, 15 U.S.C. Sec. 1071(b), asserting Defendant erred by, *inter alia*, holding the mark generic and descriptive because the commonly understood definition of the word is not associated in any way with soils and fertilizers.

12.    On October 25, 2012 the TTAB issued an order affirming the refusal to register and rejected 7 of the 8 Exhibits attached to Plaintiff's appeal brief.

13.    In denying the appeal, the TTAB erred in holding that PROBIOTIC is descriptive for the Goods.

14.    In denying the appeal, the TTAB also erred in holding that PROBIOTIC is generic for soils and fertilizers.

15.    In denying the appeal, the TTAB also erred in holding PROBIOTIC has not gained secondary meaning in the market for soils and fertilizers.

16.    In denying the appeal, the TTAB also erred in holding that the mark has not acquired distinctiveness in the marketplace.

17. In denying the appeal, the TTAB also erred in holding that even if the Plaintiff was the first user of the term PROBIOTIC, it is now a generic term for soils and fertilizers.

18. Moreover, the TTAB did not consider or distinguish that the word-goods association made by the Examiner relating to PROBIOTIC is not made by the general population with regard to soils and fertilizers.

19. The TTAB erred in not reversing the refusal of registration of Plaintiff's application and Mark and in refusing to consider all of Plaintiff's submitted evidence.

## FIRST CAUSE OF ACTION

20. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

21. Plaintiff requests a finding that the mark PROBIOTIC is not generic when used in connection with soils and fertilizers and the Goods.

## SECOND CAUSE OF ACTION

22. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

23. Plaintiff requests that the Court hold as a matter of law that the TTAB erred in refusing the registration of the Plaintiff's mark PROBIOTIC on the basis that the Mark is generic for fertilizer and soils and the Goods and that the Mark is not generic for Plaintiff's Goods.

## THIRD CAUSE OF ACTION

24. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

25. Plaintiff requests that the Court hold as a matter of law that the TTAB erred in refusing the registration of the Plaintiff's mark PROBIOTIC on the basis that the mark is descriptive pursuant to section 2(e) of the Lanham Act, 15 U.S.C. § 1052(e)(1).

## PRAYER OF RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment:

(a) Reversing the Decision of the TTAB, dated October 25, 2012, and to order the allowance of Plaintiff's application for registration of the mark PROBIOTIC on the Principle Register for the Goods.

(b) Declaring that Plaintiff's mark PROBIOTIC is not merely descriptive when used in connection with the Goods.

(c) Declaring that Plaintiff's mark PROBIOTIC is not generic for soils and fertilizers or for the Goods.

(d) Requiring Defendant to approve the Application for publication and subsequent registration upon Plaintiff's establishment of a valid base for registration under Lanham Act Section 1(a); and

(e) Awarding Plaintiff such other relief as this Court may deem proper.

Dated: December 19, 2012

Respectfully submitted,

JENNISON & SHULTZ, P.C.

By: _____

John N. Jennison, Esq. (VSB # 36824)
Kathryn Jennison Shultz, Esq. (VSB # 21842)
Carl E. Jennison, Esq. (VSB # 42889)
JENNISON & SHULTZ, P.C.
2001 Jefferson Davis Hwy., Suite 1102
Arlington, Virginia 22202-3604
703-415-1640
703-415-0788 (fax)
*John@JennisonLaw.com*
*KJS@JennisonLaw.com*
*Carl@JennisonLaw.com*


William C. Steffin, Esq.
Armin Azod, Esq.
STEFFIN LELKES AZOD LLP
505 North Figueroa Street, Suite 601
Los Angeles, California 90012
213-507-9796
*williamsteffin@usaiplaw.com*
*armin.azod@usaiplaw.com*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that true and complete copy of the forgoing COMPLAINT was served upon Defendant, to be hand delivered, to Bernard Knight, General Counsel, Office of the General Counsel, United States Patent and Trademark Office, Madison Building East, Room 10B20, 600 Dulany Street, Alexandria, VA 22314, this 19th day of December, 2012.

John N. Jennison, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that true and complete copy of the forgoing COMPLAINT was served upon Defendant, to be hand delivered, to Neil H. MacBride, United States Attorney of the Eastern District of Virginia, Justin W. Williams United States Attorney's Building, 2100 Jamieson Avenue,, Alexandria, VA 22314, this 25th day of September, 2012.

_____
John N. Jennison, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that true and complete copy of the forgoing COMPLAINT was served upon Defendant, by forwarding same via Certified Mail, postage prepaid, to Eric H. Holder, Jr., Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001, this 19th day of December, 2012.

John N. Jennison, Esq.