IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MILO SHAMMAS, )<br>　Plaintiff, )<br>　 )<br>　v. )<br>　 )<br>MICHELLE K. LEE, )<br>　Defendant. )<br>　 ) | Case No. 1:12-cv-1462 |

## MEMORANDUM OPINION

At issue post-judgment and post-appeal in this Lanham Act § 21(b)[1] action is plaintiff's motion under Rule 60(b), Fed. R. Civ. P., to vacate an Order directing plaintiff to pay to defendant certain expenses of the proceeding. The matter was fully briefed, plaintiff waived oral argument, and it is clear that oral argument would not aid the decisional process. Accordingly, the matter is ripe for disposition.

For the reasons that follow, the motion to vacate must be denied.

### I.

Plaintiff Milo Shammas submitted a trademark application to the United States Patent and Trademark Office ("PTO").[2] This application failed; the PTO's Trademark Trial and Appeal Board ("TTAB") denied registration of the mark.

---

[1] Section 21(b) is codified at 15 U.S.C. § 1071(b).

[2] The named defendant is Michelle Lee, the Director of the PTO. Over the course of this litigation, the Director of the PTO—and, by extension, the named defendant in this action—has changed repeatedly. For the sake of simplicity, the PTO is referred to as the defendant.

1

Plaintiff then sought judicial review of the TTAB's decision in district court pursuant to § 21(b). He failed; summary judgment was entered for the PTO on the ground that plaintiff's mark was generic. *See Shammas v. Rea*, 978 F. Supp. 2d 599 (E.D. Va. 2013).

After summary judgment, the PTO sought an award of expenses pursuant to § 21(b)(3). That provision directs that "all the expenses of the proceeding shall be paid by the party bringing the case, whether the final decision is in favor of such party or not." 15 U.S.C § 1071(b)(3). As such, the expenses sought included attorney's fees. Plaintiff opposed the PTO's motion. He failed; by Order dated January 2, 2014 ("Fees Order"), plaintiff was directed to pay to the PTO total expenses of $36,320.49. Of that amount, $32,836.27 was for attorney salaries. *See Shammas v. Focarino*, 990 F. Supp. 2d 587 (E.D. Va. 2014).

Plaintiff filed a timely appeal of the Fees Order. The appeal failed; the Fourth Circuit rejected plaintiff's argument that the American Rule applied to § 21(b)(3) to bar an award of attorney's fees, and the Fees Order was affirmed. *See Shammas v. Focarino*, 784 F.3d 219 (4th Cir. 2015).

Plaintiff then petitioned for rehearing or rehearing *en banc*. One week after plaintiff filed his petition, the Supreme Court held in *Baker Botts LLP v. ASARCO LLC*, 135 S. Ct. 2158 (2015), that § 330(a)(1) of the Bankruptcy Code does not permit a bankruptcy court to award attorney's fees for work performed in defending a fee application in court. Plaintiff argued that the reasoning of *Baker Botts* implicitly overruled the Fourth Circuit's decision in *Shammas*. He failed; the Fourth Circuit denied the petition for rehearing, and the mandate issued.

Plaintiff thereafter petitioned the Supreme Court for a writ of *certiorari*. Again, plaintiff argued that the Fourth Circuit's judgment should be vacated in light of *Baker Botts*. And again,

2

plaintiff failed; the Supreme Court denied the petition. *See Shammas v. Hirshfeld*, 136 S. Ct. 1376 (Mem.) (2016).

Plaintiff now seeks to vacate the Fees Order pursuant to Rule 60(b). Specifically, plaintiff once again argues that *Baker Botts* commands an outcome contrary to that reached by the Fourth Circuit in *Shammas*. Relatedly, plaintiff suggests that in light of *Baker Botts*, he will be the only person ever required to pay attorney's fees under § 21(b)(3), which he frames as any extraordinary injustice.

The litany of failures continues.

## II.

Plaintiff's Rule 60(b) motion fails for at least three reasons. First, Rule 60(b) is not an appropriate vehicle for the relief plaintiff seeks. Second, to award plaintiff the relief he seeks would be to contravene the mandate of the Fourth Circuit. Third, plaintiff's argument about *Baker Botts* is simply wrong. Each argument is addressed in turn.

### A.

Plaintiff's motion relies on Rules 60(b)(5) and 60(b)(6) as the bases for vacating the Fees Order. Under Rule 60(b)(5), a party may be relieved from a final order if, as relevant here, "applying it prospectively is no longer equitable." As the Fourth Circuit has held, "a simple money judgment" has "no prospective application," and Rule 60(b)(5) accordingly is not a proper basis for affording relief from such a judgment. *See Castles Auto & Truck Serv., Inc. v. Exxon Corp.*, 16 F. App'x 163, 168 (4th Cir. 2001).[3] Accordingly, Rule 60(b)(5) cannot be used to grant plaintiff relief from a money judgment, such as the Fees Order.

---

[3] The Fourth Circuit is far from alone in so holding. *See, e.g., Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) ("[A] money judgment does not have prospective application" and

3

Plaintiff's argument under Rule 60(b)(6), which provides that a final judgment may be vacated for "any other reason that justifies relief," fares no better. The Fourth Circuit has held that "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Because the thrust of plaintiff's argument is that *Baker Botts* implicitly overruled *Shammas*, plaintiff is, in essence, attempting to use a change in decisional law to justify relief under Rule 60(b)(6). This is inappropriate in light of *Dowell*.

Accordingly, neither Rule 60(b)(5) nor Rule 60(b)(6) is an appropriate vehicle for vacating a money judgment on the basis of a change in decisional law.

### B.

Even assuming Rule 60(b) were available to plaintiff in this context, plaintiff's argument nonetheless fails, as plaintiff seeks contravention of the Fourth Circuit's mandate. It is well-settled that "a district court may not violate the mandate of a circuit court of appeals." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotations omitted). This rule—the mandate rule—"prohibits lower courts...from considering questions that the mandate of a higher court has laid to rest." *Id.* Put differently, "any issue conclusively decided" by the Fourth Circuit on appeal is beyond the power of a district court to decide following the appeal. *Id.* (internal quotations omitted).[4]

---

"relief from a final money judgment is therefore not available under the equitable leg of Rule 60(b)(5)."); *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 425 (3d Cir. 1978) (affirming "the district court's refusal here to vacate the award of damages" under Rule 60(b)(5)); *Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962) ("Rule 60(b)(5)...does not cover the case of a judgment for money damages.").

[4] *Accord* 18B Wright & Miller, Federal Practice & Procedure: Jurisdiction § 4478.3 at 748 (2d ed. 2002) ("It is clear that a Rule 60(b) motion cannot be used simply to reopen the court of

4

Before the mandate issued in this case, the record reflects that the Fourth Circuit was fully aware of the Supreme Court's decision in *Baker Botts*. Indeed, both plaintiff and the PTO addressed the impact of *Baker Botts* while the Fourth Circuit considered rehearing. By issuing the mandate affirming the Fees Order notwithstanding *Baker Botts*, the Fourth Circuit established as the law of the case that the Fees Order reflects a correct interpretation of the law. To conclude now that the Fees Order is inconsistent with *Baker Botts* would, in effect, be to say that the Fourth Circuit erred in refusing to grant rehearing and to vacate the Fees Order in light of *Baker Botts*. It is beyond the power of a district court to say that a circuit court so erred; rather, the duty of a district court is to carry out a mandate "scrupulously and fully." *See S. Atlantic Ltd. Partnership of Tenn., LP v. Riese*, 356 F.3d 576, 583 (4th Cir. 2004) (internal quotations omitted).

Of course, a litigant is not without hope in the face of Supreme Court authority that is at odds with a mandate of a court of appeals. To the contrary, in such a situation "the proper procedure is a motion to recall the appellate mandate." Wright & Miller, *supra* n.4, § 4478.3 at 749 (citing *Ute Indian Tribe of Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513 (10th Cir. 1997)). Here, however, the mandate of the Fourth Circuit remains in place and entitles the PTO to fees and expenses under § 21(b)(3). As such, there is no basis by which a district court can say otherwise.

### C.

Finally, even setting aside the mandate rule, plaintiff's argument fails fundamentally. Plaintiff argues that the Fourth Circuit erred in concluding that the American Rule applies only

---

appeal decision, a principle that may be expressed by stating that a district court lacks 'jurisdiction' to reconsider the appellate decision.").

5

to statutes that shift fees on the basis of prevailing party status, which is not the case with § 21(b)(3). *See Shammas*, 784 F.3d at 223 (collecting authority for the proposition that the American Rule is a presumption that applies "only where the award of attorneys fees turns on whether a party seeking fees has prevailed"). Yet, nothing in *Baker Botts* squarely stands for any contrary proposition. At the most basic level, *Baker Botts* interpreted provisions of the Bankruptcy Code, not the Lanham Act. *See* 135 S. Ct. at 2163. As such, *Baker Botts* is far from squarely on point. Moreover, in describing the American Rule's common law pedigree, the Supreme Court in *Baker Botts* cited a case reversing an attorney's fee award that was made *on the basis of prevailing party status*. *See id.* at 2164 (citing *Arcambel v. Wiseman*, 3 Dall. 306 (1796)).

Plaintiff's error in reading *Baker Botts* is that he conflates *dicta* with a holding. *Baker Botts* repeatedly quotes language that, in the abstract, may suggest that the American Rule applies in all fee shifting contexts. *See, e.g., id.* ("Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (internal quotations omitted). Yet, it is a maxim with a pedigree at least as long as the American Rule's "that general expressions...go[ing] beyond the case...ought not to control the judgment in a subsequent suit when the very point is presented for decision." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821) (Marshall, C.J.). Indeed, as the Supreme Court has more recently reaffirmed, courts are "not bound to follow...*dicta* in a prior case" where the point at issue "was not fully debated." *Central Va. Community Coll. v. Katz*, 546 U.S. 356, 363 (2006). In this regard, the Supreme Court is cognizant that "more complete argument" could "demonstrate that the *dicta* is not correct." *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1368 (2013). To apply this principle to the matter at hand, the question whether the American Rule applies only to

prevailing party statutes was not squarely presented to the Supreme Court in *Baker Botts*. As such, that question "was not fully debated," and the Supreme Court may well benefit from "more complete argument" on the issue. *Katz*, 546 U.S. at 363; *Kirtsaeng*, 133 S. Ct. at 1368. Accordingly, the Supreme Court's general statements about the American Rule do not constitute holdings, and they do not bind the Supreme Court or any other court. In short, plaintiff's argument that *Baker Botts* overrules *Shammas* is an over-reading of *Baker Botts*, and there is simply no basis at all to conclude that a change in binding decisional authority has occurred.

To put the matter very succinctly, *Baker Botts* says a lot, but holds very little. Specifically, *Baker Botts* is binding only for the proposition that § 330(a)(1) of the Bankruptcy Code does not permit a bankruptcy court to award attorney's fees for work performed in defending a fee application in court. 135 S. Ct. at 2162. Because that holding is not contrary to the Fourth Circuit's holding in *Shammas*, it cannot be said that *Baker Botts* overruled *Shammas*.

### III.

For the foregoing reasons, an appropriate Order will issue denying plaintiff's motion to vacate the Fees Order.

Alexandria, Virginia
May 9, 2016

/s/
T. S. Ellis, III
United States District Judge